IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN ALEXIS NIEVES BURGOS<br><br>Plaintiff,<br><br>v.<br><br>COLLEGE BOARD;<br>ABC INSURANCE COMPANY<br><br>Defendants. | CIVIL NO.<br><br>TITLE VII OF THE CIVIL RIGHTS ACT, AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), RETALIATION, DISCRIMINATION, PR LAW 80, PR LAW 100, PR LAW 115, ART. 1802 OF PR CIVIL CODE<br><br>JURY TRIAL DEMANDED |

COMPLAINT

TO THE HONORABLE COURT:

Plaintiff John Alexis Nieves comes respectfully, through the undersigned attorneys, who very respectfully allege and request as follows in this Complaint:

I.      JURISDICTION AND VENUE

1.      The jurisdiction of this Court is original and invoked under 28 U.S.C. §§ 1331 and 1343. The action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and The Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 ("ADEA").

1

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events, acts, and/or omissions that give rise to Plaintiff's right to compensation occurred in the Commonwealth of Puerto Rico.

3.     The United States District Court has supplemental jurisdiction over Puerto Rico state law claims under 28 U.S.C. sec. 1367 (a) for claims under Law 100 of June 30, 1959, P.R. Laws Ann. tit 29. § 146, et seq. (hereon "Law 100"), Law 115 of December 20, 1991 as amended, P.R. Law Ann. Tit. 29 § 194 (hereon "Law 115") and under Law 80 of May 30, 1976, P.R. Law Ann. tit. 29, §§ 185a-185m (hereon "Law 80").

4.     Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and on February 14, 2022 the EEOC issued its notice of Nieves' right to sue.

5.     Plaintiff demands a trial by jury on all claims and requests compensatory and punitive damages against Defendant.

II.     PARTIES

6.     Plaintiff John Alexis Nieves-Burgos (hereon "John Nieves", "John A. Nieves", "Mr. Nieves", "Nieves" or "Plaintiff") was born the 3rd of March of 1971, is currently unemployed and domiciled in Caguas, Puerto Rico.

7.     Defendant College Board (hereon "CB" or "Defendant") is a corporation that is domiciled and organized in the State of New York, which

2

operates in and under the laws and regulations of the Commonwealth of PR, with designated office at 208 Ponce de León Ave. Suite 1501, San Juan 00918-1017. CB's resident agent is The Prentice-Hall Corporation System, Puerto Rico, Inc. with the following address: c/o Fast Solutions LLC, Citi Tower, 252 Ponce de León Ave. Floor 20, San Juan, PR 00918. At all times relevant hereto, CB was acting through his agents, subsidiaries, officers, employees, and assigns acting within the full scope of their agency, office, employment, or assignment.

8.    Co-Defendant Unknown Insurance Company (hereon as such) is the insurance company which, at the times of the facts alleged herein, had issued and maintained in full force and effect an insurance policy on behalf of Defendant CB, which provides defense and coverage for the facts alleged herein and who may be jointly and severally liable to the plaintiff.  Unknown Insurance Company is upon information and belief, organized, could, and should exist under the laws of the Commonwealth of Puerto Rico, it also should and could be authorized by the Insurance Commissioner of Puerto Rico to issue insurance policies, and at the time of the facts alleged herein the Unknown Insurance Company issued and maintained an insurance policy on behalf of CB, thus the Unknown Insurance Company is severally liable with its insured for the claims sustained in this Complaint.

## III.   FACTS

9.   Plaintiff John A. Nieves began working in CB when he was approximately 19 years old and he is now 51 years old.

10.   Plaintiff John A. Nieves started working for CB in 1990, and in February 1998, when he was 27 years old, he was given a permanent position as Warehouse Associate in CB.

11.   As Warehouse Associate, Mr. Nieves' duties included primarily storing, dispatching, and maintaining the inventory of materials sent to CB facilities in Guaynabo to be used in Puerto Rico and Latin America.  Nieves' duties also included, but were not limited to:

    a.  Handling and general maintenance of 3 photocopiers in the warehouse, including verifying supplies and handling basic problems.
    b.  Handling rush orders.
    c.  Using the computer to notify supervisors by email about supply levels.
    d.  Forklift operation.
    e.  Verification of numerical sequences and answers in CB's BANTAM device.
    f.  Packing of test and other materials in boxes.
    g.  Preparation of test and other materials for dispatch with address labels.
    h.  Organization of shipping details in table form to notify the Manager in order to track shipments of materials.
    i.  Destruction of materials in a machine, as and when directed by supervisors.
    j.  Calculating supplies and inventory.

    k.   Other tasks, as distribution, reconciliation, and preparation of administrative materials (including, but not limited to PAA PR and teacher certifications PCMAS).

12.    While working for CB, Plaintiff Nieves' regular hours were from 7:00 AM to 3:00 PM but he often stayed longer to do more work.

13.    CB's quality department would verify Plaintiff's work.

14.    Nieves was qualified for the work that he had carried out for CB.

15.    During his employment, CB did not discipline Nieves in writing.

16.    During his employment, CB did not verbally discipline Plaintiff regarding his work performance.

17.    Mr. Nieves fulfilled his duties in and for CB, and none of his supervisors complained about his services or work performance.

18.    Mr. Nieves worked as a full time Warehouse Associate for CB until Friday, November 6 of 2020, when he was abruptly terminated. See attachment 1 (Termination Letter).

19.    At the time of his termination, Mr. Nieves was 49 years old and had worked at CB for 22 years as a permanent employee.

20.    About a year before Plaintiff's termination, CB hired a younger employee, Giovanni Rodriguez, who was in his twenties.

21.     During the year before his termination, Plaintiff repeatedly expressed complaints to his supervisors about the deficient performance of Giovanni Rodriguez.

22.     Prior to the arrival of Giovanni Rodriguez and while Rodríguez and Nieves worked at CB, CB frequently commended Nieves for his work performance.

23.     Mr. Nieves dedicated more than 3 decades of his life to Defendant CB, including 10 years doing subcontracted work and 22 years as a regular warehouse employee.

24.     Similarly situated employees of Defendant CB, including Giovanni Rodriguez, were treated differently than Plaintiff, because they were younger and not terminated, and/or were paid upon their termination.

25.     CB's decision to terminate Plaintiff was based on Plaintiff's age and on his repeated complaints about the performance of the younger employee, Giovanni Rodriguez. As such, CB violated the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and Puerto Rico's anti-discrimination and anti-retaliation laws, Law 100 and "Law 115").  CB termination also violated Puerto Rico's Law 80, and Art. 1802 of PR Civil Code.

26.     After Plaintiff's termination, CB never communicated with Plaintiff to reinstate or to make an offer to reinstate him in a position in CB.

27.     CB did not pay any compensation to the Plaintiff after his termination, except the accrued vacation benefits.

28.     CB did not pay Plaintiff the compensation ("*mesada*") required by Law 80 after his termination.

29.     Following Nieves' termination, CB hired another younger man, "Edgar", to carry out duties that were assigned to Mr. Nieves. CB did so without following the recruitment mandate required under P.R. Law, and in violation of the ADEA.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### VIOLATIONS OF TITLE VII

30.     Plaintiff incorporates each and every allegation of paragraphs 1 through 29 as if set forth in full herein.

31.     Mr. Nieves was 49 years old at the time of his discharge.

32.     Mr. Nieves met all reasonable expectations of CB, was loyal to CB, and performed his job at CB well.

33.      The action taken by CB against the Plaintiff was unjustified, willful, and intentional.

34.     Similarly situated employees at CB were treated differently than Mr. Nieves.

35.    CB continues to hire an employee with the responsibilities that were assigned to the position from which Mr. Nieves was discharged.

36.    As described in the paragraphs above, CB, through its actions or actions of its agents, discharged Plaintiff Nieves based upon his age and as retaliation for Nieves' repeated complaints about the work performance of Giovanni Rodriguez. CB engaged in these discriminatory practice(s) with malice and with reckless indifference to Plaintiff's federally and state protected rights.

37.    Due to Nieves' age, CB's retaliation and disparate treatment tendered upon Mr. Nieves, Mr. Nieves has suffered severe emotional, physical, and psychological damages, including but not limited to loss of sleep, appetite disturbances, extreme anxiety, stress, emotional distress, pain, humiliation, mental anguish, nervousness based upon Nieves' concerns about his -- now -- uncertain future, fear, frustration, and feeling of failure; all of which have caused serious deterioration of Nieves' health.

38.    Due to Nieves' age, CB's retaliation and disparate treatment tendered upon Mr. Nieves, Mr. Nieves has also faced loss of past, present and future earnings as well as of his earned benefits.

39.    Due to the age discrimination, retaliation, and disparate treatment tendered by CB upon Mr. Nieves, Mr. Nieves' reputation and the future of his professional career have been seriously and adversely affected.

40.    Due to Nieves' age, CB's retaliation and disparate treatment tendered upon Mr. Nieves, Mr. Nieves is entitled to relief in the form of compensatory and a

punitive award to the extent provided by law, as well as costs, interests, and attorneys' fees.  This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

41.    Nieves is entitled and demands back pay.

SECOND CAUSE OF ACTION:
VIOLATIONS OF ADEA

42.    Plaintiff incorporates each and every allegation at paragraphs 1 through 41 as if set forth in full herein.

43.    As described above, the Defendant's conduct as alleged above constitutes discrimination based on age discrimination in violation of ADEA.

44.    As a direct and proximate cause of plaintiff's age, he was terminated.

45.    Defendant knew that its conduct was prohibited by the ADEA or showed a "reckless disregard" for whether the act applied. Therefore its acts of age discrimination against Plaintiff as alleged were willful as defined by the Act.

46.    The discrimination, retaliation and disparate treatment described above caused Nieves to suffer emotional harm, damages, pain and suffering, embarrassment, humiliation, mental anguish, inconvenience, anxiety, harm to his professional reputation, and loss of enjoyment of life as well as loss of earnings.

47.    As explained above, Plaintiff Nieves has suffered damages which are estimated in an amount not less than ONE MILLION DOLLARS ($1,000,000.00). Nieves is also entitled and demands, liquidates and pecuniary losses, as well as back pay.

48.     The amounts continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

THIRD CAUSE OF ACTION:
VIOLATION OF PUERTO RICO LAW 100

49.     Plaintiff incorporates each and every allegation of paragraphs 1 through 48 herein.

50.     As set forth above, Plaintiff demands compensation also under Law 100 of June 30, 1959, P.R. Laws Ann. tit 29. § 146, et seq. (hereon "Law 100")

51.     Law 100 prohibits discrimination on the basis of age.

52.     Nieves' claim under Law 100 is that he was discharged from the workplace by CB based on discrimination on the basis of his age, and as a measure of retaliation.

53.     The law also provides that the employee who is discriminated may demand payment of all damages suffered as a result of the discriminatory action, and the employer must pay twice (2x) the amount as penalty.

FOURTH CAUSE OF ACTION:
VIOLATION OF PUERTO RICO LAW 80

54.     Plaintiff incorporates each and every allegation of paragraphs 1 through 53 herein.

10

55.    As set forth above, Plaintiff demands compensation also under Law 80 of May 30, 1976, P.R. Law Ann. tit. 29, §§ 185a-185m (hereon "Law 80"), which provides relief to employees terminated without good cause.

56.    The employers' actions as described above show that CB was Mr. Nieves' employer, and that Mr. Nieves was unjustly dismissed from his position at CB.

57.    The highest monthly payment that Nieves received at CB was of $2,694.60.

58.    As per Law 80, Plaintiff is entitled to $60,628.50, plus 15% of said amount ($15,157.12) for attorney's fees, and costs of litigation.

59.    The amount of $60,628.50 is calculated by multiplying Plaintiff's highest monthly earnings ($2,694.60) by six; and adding to this amount: the highest weekly earnings ($673.65) multiplied by the twenty-two years during which Plaintiff worked at CB multiplied by three.

FIFTH CAUSE OF ACTION:
VIOLATION OF PUERTO RICO LAW 115

60.    Plaintiff incorporates each and every allegation of paragraphs 1 through 59 herein.

61.    As set forth above, Plaintiff demands compensation also under Law 115, P.R. Law Ann. Tit 29 § 194a(a) (hereon "Law 115").

62.     Law 115 creates a cause of action for employees that are discharged for complaining in the employer's internal procedures or to any employer who holds a position of authority.

63.     Nieves' claim under Law 115 is that he was discharged from the workplace by CB as a measure of retaliation for complaining about Giovanni Rodriguez's work performance.

64.     Law 115 provides that the employee who is victim of retaliation in the workplace may demand payment of all damages and the employer must pay twice (2x) the amount as penalty.

## SIXTH CAUSE OF ACTION:
## DAMAGES UNDER ART. 1802 OF THE PR CIVIL CODE

65.     Plaintiff incorporates each and every allegation of paragraphs 1 through 64 herein.

66.     CB's discriminatory, retaliatory and unjust actions constitute an act or omission, which caused damage to the Plaintiff.

67.     The act or omission, which caused damage to the Plaintiff, incurred due to CB's fault and/or negligence.

68.     CB is therefore liable to the Plaintiff pursuant to Art. 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. Sec. 5141.

69.     As a result, CB must pay Plaintiff an award for compensatory and statutory damages pursuant to Art. 1802 and 1803 of the Civil Code of Puerto

Rico, 31 L.P.R.A. Sec. 5141 and 5142.  Nieves' damages are estimated at no less than ONE MILLION DOLLARS ($1,000,000.00).

V.    <u>TRIAL BY JURY DEMANDED</u>

70.    Plaintiff John A. Nieves demands trial by jury.

WHEREFORE Plaintiff John A. Nieves respectfully demands judgment against Defendant in the amount of no less than two million, sixty two thousand and six hundred and twenty eight dollars with fifty cents ($2,360,628.50), a punitive award to the extent permitted by law, a reasonable amount for attorney's fees, all costs incurred in this litigation, and any relief that the Court may find just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 11th day of May of 2022.

Attorneys for plaintiff:    s/ RICARDO R. LOZADA FRANCO
USDC No. 301807
riclozfra@gmail.com
PO Box 10081
San Juan, PR 00908-1081
(787) 379-1148

*s/Carlos Sanchez*
CARLOS M. SÁNCHEZ LA COSTA



RUA: 10429
P.O. Box 9023027
San Juan, Puerto Rico 00902
Teléfono: (787) 729-4646
csanchez@sanchezlawpr.com

13